**RECEIVED**

APR 1 3 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-60070 |
| VERSUS | JUDGE DOHERTY |
| RICKEY BONNET | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING
### DENYING MOTION FOR CORRECTION OF SENTENCE

Pending before this Court is a Motion for Correction of Sentence [Doc. 47] filed by Mr. Rickey Bonnet. The motion is unopposed. For the following reasons, this Court DENIES the Motion for Correction of Sentence.

### FACTS

On January 26, 2006, Mr. Bonnet entered a plea of guilty to one count of Social Security Fraud, namely a violation of 42 U.S.C. § 408(a)(4) [Docs. 39, 40]. At that time the Court ordered a presentence report [Doc. 39]. On April 5, 2006, counsel on behalf of Mr. Bonnet indicated Mr. Bonnet had no factual or guidelines objection to the presentence report. [Doc. 41]. On June 23, 2006, Mr. Bonnet appeared before this Court for sentencing. After having considered the guideline range provided by the Sentencing Reform Act of 1984, and in particular the factors noted in 18 U.S.C. §3553 and all otherwise relevant sentencing consideration, it was the judgment of this Court that Mr. Bonnet be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months with credit for time served. [Docs. 43, 44]. Mr. Bonnet did not file a notice of appeal from final judgment, nor did he move for an extension of time to file one.

On February 14, 2007, Mr. Bonnet filed a "Motion for Correction of Sentence," [Doc. 47],

which provides no statutory or jurisprudential authority for any requested relief. However, Mr. Bonnet indicates he is currently in state custody, where he is serving "a 5-year sentence for Unauthorized Use of a Movable." Mr. Bonnet also notes that his "earliest release date" is April 7, 2007. He explains the United States Marshals "placed a Detainer on Movant alleging movant owes 12-months federal time." As a result, Mr. Bonnet argues he will be brought to federal jail only to find that he's already been given credit for the 12 months." Accordingly, Mr. Bonnet requests this Court to "have the Detainer removed from the record."

## LAW

Rule 35 of the Federal Rules of Criminal Procedure provides for the correction or reduction of a sentence. Within 7 days after sentencing, a court may correct a sentence that resulted from arithmetical, technical, or other clear error. Fed. R. Cr. Pro. 35(a) Otherwise, a sentence may be reduced for substantial assistance upon the government's motion. Fed. R. Cr. Pro. 35(b). Rule 35(a) does not provide a district court with authority to modify or reduce a sentence. *U.S. v. Early,* 27 F.3d 140, 141 (5th Cir. 1994). By the plain language of Rule 35(b), resentencing is permitted only on the government's motion, and only if the defendant rendered substantial assistance after sentencing. *Id.* (*citing U.S. v. Mitchell,* 964 F.2d 454, 461-62 (5th Cir.1992)).

Additionally, the Attorney General, through the Bureau of Prisons, and not the district courts, administers the sentence of a federal offender, including computations of credit for prior custody. *United States v. Wilson,* 503 U.S. 329, 331-332 (1992). Prisoners may seek administrative review of the computations of their credit for prior custody. *United States v. Dowling,* 962 F.2d 390, 393 (5th Cir.1992). Once they have exhausted their administrative remedies, prisoners only then pursue judicial review of these computations. *Id.*

## DISCUSSION

Mr Bonnet's motion is not unauthorized under Rule 35 (a) or Rule 35 (b) of the Federal Rules of Criminal Procedure. Moreover, Mr. Bonnet has provided this Court with no evidence that he has exhausted his administrative remedies prior to seeking judicial review of the computation of his credit for prior custody, which is within the purview of the Attorney General, through the Bureau of Prisons. Consequently, this Court is without jurisdiction to entertain Mr. Bonnet's motion.

## CONCLUSION

In consideration of the foregoing motion and the applicable statutory and jurisprudential authority, this Court lacks jurisdiction to grant the requested relief, and Mr. Bonnet's Motion for Correction of Sentence is hereby DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 13 day of April, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE